IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EMPOWERED LIFESTYLE TECHNOLOGIES, LLC | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. ______________ |
| LESLIE HSU LLC dba PUNCHCASE BY LESLIE HSU | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**COMPLAINT**

For its Complaint, Plaintiff EmPOWERED Lifestyle Technologies LLC ("EmPOWERED"), by and through the undersigned counsel, complains of Defendant Leslie Hsu LLC DBA PUNCHCASE BY LESLIE HSU ("Defendant") as follows:

**NATURE OF LAWSUIT**

1. This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 et seq. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

**THE PARTIES**

2. EmPOWERED is a Texas Limited Liability Corporation with a principal place of business located at 719 W. Front Street, Suite 292, Tyler, Texas 75702.

3. Defendant is a New Jersey Limited Liability Corporation with, upon information and belief, a principal place of business at 18 Slope Drive, Short Hills, New Jersey 07078.

**JURISDICTION AND VENUE**

4. Upon information and belief, this Court has personal jurisdiction over

Defendant because (i) Defendant conducts substantial business in this Judicial District, directly and/or through intermediaries, (ii) at least a portion of the infringement alleged herein occurred in this Judicial District; and (iii) Defendant regularly does or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods and services provided to individuals in this Judicial District.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b). EmPOWERED is a citizen of Texas with a place of business in this district.

**THE PATENT-IN-SUIT**

6. On November 11, 2014, the U.S. Patent and Trademark Office duly and lawfully issued United States Patent No. 8,884,583 (the "'583 patent" or "Patent-In-Suit"), entitled "Accessory Or Fashion Item That Charges Various Electronic Devices." A true and correct copy of the '583 patent is attached hereto as Exhibit A.

7. The '583 patent is valid and enforceable.

8. EmPOWERED is the assignee and owner of the right, title and interest in and to the '583 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringements thereof.

**FACTUAL BACKGROUND**

9. Loni Edwards, the inventor of the '583 patent and owner of EmPOWERED, founded EmPOWERED to solve a problem unique to the modern world – finding a simple, elegant way for a person to charge his/her mobile device on the go.

10. Ms. Edwards noticed that her cellular phone was always running out of batteries, and she was dissatisfied with the available solutions on the market – namely, bulky phone charging cases.

11. Ms. Edwards understood that people with busy lives needed a way to charge their mobile devices on the go, but that such a solution had to fit seamlessly into the user's life.

12. Accordingly, Ms. Edwards set out with the goal of designing fashion items that discreetly and unassumingly incorporated an additional battery with which to charge a mobile device that would not compromise the aesthetic or functional qualities of the fashion accessory.

13. EmPOWERED's first fashion item was a handbag geared towards women on the go.

14. EmPOWERED designed a range of bags that practice the '583 patent. EmPOWERED received a huge amount of positive press regarding the patented bags. For example, EmPOWERED was featured in Forbes, the Wall Street Journal, Vogue, NPR, The Huffington Post, and Pop Sugar, among other media outlets. In fact, EmPOWERED sold through its line of patented bags in less than 48 hours. Samples of the products, which embody the Patent-In-Suit, are located in EmPOWERED's Tyler, Texas office.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,876,583**

15. EmPOWERED repeats and realleges the allegations of paragraphs 1 through 14 as if fully set forth herein.

16. Without license or authorization and in violation of 35 U.S.C. § 271(a), EmPOWERED is informed and believes, and thereupon alleges, that Defendant has infringed and continues to infringe one or more claims of the '583 patent in this District, literally and/or under the doctrine of equivalents. Defendant's infringement in this regard is ongoing.

17. On information and belief, Defendant has directly infringed and continues to directly infringe one or more claims of the '583 patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering for sale, and/or selling accessories or fashion items that charge various portable electronic devices, including, for example: a fashion item that includes a battery housing enclosing at least one battery cell,

with a USB port and a pin port extending into the housing and in communication with the battery cell, and a pouch secured within the chamber of the item and substantially concealing the battery housing, the pouch defining at least one opening that facilitates access to the USB or pin port, and that the chamber is without battery specific passages extending to an outside surface such that the aesthetic appearance of the item is not affected.

18. On information and belief, Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '583 patent, in violation of 35 U.S.C. § 271(b).

19. On information and belief, Defendant had knowledge of the ‘583 patent since at least service of this Complaint or shortly thereafter, and on information and belief, Defendant knew of the ‘583 patent and knew of its infringement, including by way of this lawsuit.

20. On information and belief, Defendant intended to induce patent infringement by third-party customers and end-users of the infringing fashion accessories and/or fashion items and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement. Defendant specifically intended and was aware that the normal and customary use of the accused products would infringe the ‘583 patent. Defendant performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the ‘583 patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement. For example, Defendant provides the accused products that have the capability of being utilized in a manger that infringe one or more claims of the ‘583 patent, including at least claim 1, and Defendant further provides instructions and documentation that cause customers and end users of the accused products to utilize the products in a manner that directly infringe one or more

claims of the ‘583 patent. By providing instruction and direction to customers and end users on how to use the accused fashion accessories and/or fashion items in a manner that directly infringe one or more claims of the ‘583 patent, including at least claim 1, Defendant specifically intended to induce infringement of the ‘583 patent. Accordingly, Defendant has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the ‘583 patent, knowing that such use constitutes infringement of the ‘583 patent.

21. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the ‘583 patent.

22. Defendant’s aforesaid infringing activity has directly and proximately caused damage to Plaintiff EmPOWERED, including loss of profits from sales and/or licensing revenues it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to EmPOWERED for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, EmPOWERED requests that this Court enter judgment against Defendant as follows:

A. A judgment that Defendant has infringed the Patent-In-Suit;

B. An award of damages to be paid by Defendant adequate to compensate EmPOWERED for Defendant's past infringement of the Patent-In-Suit and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An award to EmPOWERED of all remedies available under 35 U.S.C. §§ 284 and 285 including reasonable attorneys’ fees and costs; and

D. Such other and further relief as this Court or a jury may deem proper and

just.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of any issues so triable by right.

DATED: September 4, 2015

Respectfully submitted,

*/s/ Elizabeth L. DeRieux*

Elizabeth L. DeRieux
TX Bar No. 05770585
D. Jeffrey Rambin
TX Bar No. 00791478
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-236-9800
Facsimile: 903-236-8787
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Of Counsel:
Matt Olavi
TX Bar No. 24095777
Daniel P. Hipskind
CA SB No. 266763
OLAVI DUNNE LLP
816 Congress Avenue, Suite 1620
Austin, Texas 78701
Telephone: 512-717-4485
Facsimile: 512-717-4495
E-mail: molavi@olavidunne.com
E-mail: dhipskind@olavidunne.com

***Attorneys for Plaintiff EmPOWERED Lifestyle Technologies LLC***